*Brackeneidge J.
I concur on the first point, that in this case a writ of error lies. On the second point, I observe, that a statute denyiug costs must be on the ground of checking the vexatiousness of bringing actions, where bud small damages have been sustained; or the troubling a superior court with these, either by actions originally brought, or removed from an inferior jurisdiction. Will there not be cases out of the reason of the statute, and therefore not within the statute? Can these be specified in the statute? Is it practicable, or is it necessary ? Are not the courts of law competent to note these; and have they not the power, as in all other cases, by the common law, to say what cases are within the meaning, or not within the intendment of the statute ?
But what exceptions can there be, of which we may suppose them to have a right to judge?
Where it can appear that the action was not vexatious in the bringing or removal, the reason of the statute does not hold; and this may be inferred from the sense of the jury on the subject, giving costs even in a ease of small damages. *17 Independent of this, where the law admits evidence to go to the jury, not in justification of the trespass, but in mitigation of damages, and the jury considering this give small damages, but costs, are the court precluded from sanctioning it by a judgment, or rather are they not bound to give judgment? Iiow can a party know what defence will be set up of a nature to mitigate ? He looks only at the wrong sustained, and is not bound to anticipate what may excuse the defendant. The occasion and manner of speaking words, may reduce the damages, and the jury may think the case an exception to the statute. Under the statute of 21 James 1, c. 16, giving no more costs than damages in a recovery under 40s., by a resolution of all the judges, the jury are not bound by the statute, and may give 10Í. costs, where they give but 10A damages. 1 Salkeld 207.
The small means of the defendant given in evidence may reduce the damages, in an action for words or trespass.
The 22d and 23d of Cha. 2 was held not to extend to a trespass where the defendant justifies. 2 Levins, 234.
“ The common law did not professedly allow any costs, the amercement of the vanquished party being his only punishment ; though, in reality, costs were always considered and included in the quantum of damages, in such *actions where damages are given; and even now, costs are always entered on the roll as increase of damages by the court.” 3 Black. Com. 399.
Why is it necessary that the jury give some costs in order to enable the court to make this increase? Would not the verdict carry costs without any finding as to this particular ? It would seem not; and why ? I know not unless that it may appear that costs have not been included in the damages. For if they had included them in the damages, might they not still say we have, and therefore no costs. If they can exclude costs by their finding, notwithstanding the statute, why not give them, when it may be no more than to say, we have reduced the damages with a view to that. It is for the benefit of the defendant; because, otherwise, they would be under the necessity of giving damages to the amount that would carry costs.
In an action for a breach of contract, where the damages are matter of estimation, why may not a jury exercise a discretion as to costs ?
Where the demand is for a sum certain, and is reduced by a set-off, it is not within the statute as to costs.
Even where no set-off, may there not be circumstances that will repel the imputation of vexation, in bringing or remov *18 ing actions; and shall a court and jury be precluded from considering these, existing in the nature of the case, or coming out in the evidence.
On an appeal from a justice, or from referees, the rejection of testimony, on rigid rules of evidence, which testimony was before the justice or the referees, might account for the not establishing as much on the appeal, as before the justice or the referees, and rebut the imputation of delay or vexatiousness intended in making the appeal.
What a jury may do, referees may do. M’Laughlin v. Scott, 1 Binn. 61, is in point.
I have always construed limiting jurisdiction, and not allowing costs, as meaning no more, than that costs shall not follow, as an appendage, or incident of the judgment.
It is a maxim of our law as of the civil, that victus victoñ in expensis condemnandus est; and before the statute of Gloucester, these were included in the damages. They are due ex debito justitice ; and laws disallowing, are to be liberally construed in favor of this equity. *The denying an appeal to a court and jury, but under penalty of paying costs, unless an equal sum is recovered, is in derogation of the trial by jury, and ought to have a strict construction.
I incline, therefore, to affirm the judgment of the Court of Common Pleas.
Judgment reversed.
[Commented on in 4 S. & R. 419 ; cited in 6 S. & R. 39 ; 13 id. 231; 14 id. 346 ; 10 Wr. 235 ; 9 S. 334.]